UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEMINI LAKE,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD BRENNAN, et al.,<br><br>        Defendants. | CIVIL NO. 3:25-CV-00548<br><br>(SAPORITO, J.)<br>(LATELLA, M.J.) |

## MEMORANDUM

*Pro se* Plaintiff Gemini Lake filed the instant action asserting four counts pursuant to 42 U.S.C. § 1983 relating to Defendants' conduct in filing a petition for a conservatorship in Pennsylvania state court for a property that Plaintiff owns.  Defendants include the City of Pottsville Redevelopment Authority ("RDA"), the Board of Directors of the RDA and various individual Board Members, the Solicitor for the RDA, and three City of Pottsville employees (collectively referred to as the "City Defendants") as well as a private developer.  Plaintiff filed several motions to disqualify counsel for the City Defendants.  Two were deemed withdrawn (*see* Docs. 29, 43) and one remains pending (Doc. 32).  For the reasons set forth herein, Plaintiff's Motion will be denied.

1

## I. PROCEDURAL HISTORY

On March 26, 2025, Plaintiff initiated this matter by filing a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). On April 16, 2025, the City Defendants filed a Motion to Dismiss. (Doc. 12). Plaintiff filed a Motion to Disqualify Counsel on April 21, 2025. (Doc. 14). While that Motion was pending, Plaintiff filed a second Motion to Disqualify on May 30, 2025. (Doc. 27). The Court issued an Order deeming Plaintiff's April 21, 2025 Motion to Disqualify withdrawn. (Doc. 29). Plaintiff filed a response in opposition to the City Defendants' Motion to Dismiss on June 6, 2025. (Doc. 31). Plaintiff then filed another Motion to Disqualify Counsel and supporting brief on June 13, 2025. (Doc. 32). The City Defendants filed a brief in opposition to Plaintiff's Motion to Disqualify Counsel on June 27, 2025. (Doc. 39). The Court issued an Order on September 24, 2025 deeming Plaintiff's second Motion to Disqualify Counsel withdrawn. (Doc. 24).

Defendant Nat Hyman filed a Motion to Dismiss on June 13, 2025 (Doc. 35) and a supporting brief on June 26, 2025 (Doc. 38). Plaintiff filed a brief in opposition to Defendant Nat Hyman's Motion to Dismiss

on July 9, 2025 (Doc. 40) and Defendant Hyman filed a Reply Brief on July 11, 2025. (Doc. 41).

Plaintiff's Motion to Disqualify (Doc. 32) is ripe for review.

## II.   LEGAL STANDARD

The court has inherent power to supervise the professional conduct of attorneys appearing before it.[1]  *See United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980).  This power includes the authority to disqualify an attorney.  *Id.*  As many decisions have stressed, "courts have vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interest, and protecting confidential communications between attorneys and their clients." *Commonwealth Ins. Co. v.*

---

[1] We have addressed this motion by memorandum and order because we deem a disqualification motion to be a non-dispositive matter under § 636(b)(1)(A) that may be ruled on by a magistrate judge, subject to review by a district judge under the clearly erroneous or contrary to law standard. *Matylewicz v. Cnty. of Lackawanna Transit Sys. Auth.*, No. 3:19-CV-1169, 2020 WL 5095933, at *4 n.1 (M.D. Pa. Aug. 28, 2020); *see also Blueprint Capital Advisors, LLC v. New Jersey*, No. 20-7663, 2025 WL 3551798, at *2 (D.N.J. Dec. 11, 2025) (order denying motion to disqualify counsel is non-dispositive order).

*Graphix Hot Line, Inc.,* 808 F. Supp. 1200, 1203 (E.D. Pa. 1992); *see also United States v. Moscony,* 927 F.2d 742, 749 (3d Cir. 1991) (same). Attorney conduct is governed by the ethical standards of the court before which the attorney appears. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984). However, motions to disqualify are generally disfavored. *See Cohen v. Oasin,* 844 F. Supp. 1065, 1067 (E.D. Pa. 1994). Accordingly, courts approach such motions with "cautions scrutiny," mindful of a litigant's right to the counsel of its choice. *Regalo International, LLC v. Munchkin, Inc.*, 211 F. Supp. 3d 682, 687 (D. Del. 2016) (internal citation omitted). Thus, "even if a court finds that counsel violated the Pennsylvania Rules of Professional Conduct, disqualification is not mandatory." *AgSaver LLC v. FMC Corp.*, No. CIV. A. 11–997, 2011 WL 2274178, at *3 (E.D. Pa. June 9, 2011) (citing *Jordan v. Phila. Housing Auth.*, 337 F. Supp. 2d 666, 672 (E.D. Pa. 2004)). In this regard, the Third Circuit has cautioned that a court:

> [S]hould disqualify an attorney only when it determines*, on the facts of the particular case,* that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing

4

> policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without excessive restrictions.

*United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (emphasis added). The party seeking disqualification must "clearly show[ ] that continued representation would be impermissible." *Regalo International, LLC*, 211 F. Supp. 3d at 687. "Vague and unsupported allegations are not sufficient to meet this standard." *Id.* Additionally, "the court must prevent litigants from using motions to disqualify opposing counsel for tactical purposes." *Cohen*, 884 F. Supp. at 1067.

## III. DISCUSSION

Plaintiff raises five arguments in support of disqualification of counsel for the City Defendants. (*See* Doc. 33 at 4-8). We will address each in turn. As an initial matter, however, we will address the City Defendants' argument that Plaintiff lacks standing to bring this motion.

### A. We Will Assume Plaintiff Has Standing to Raise His Disqualification Motion

The City Defendants argue that Plaintiff, who is not a client of counsel for the City Defendants, does not have standing to move for counsel's disqualification. (Doc. 39 at 3-4). However, the City Defendants acknowledge that the Third Circuit has not yet decided the

5

issue of whether a non-client litigant may move for attorney disqualification.  (*Id*. at 3).  And more, the City Defendants recognize that "[a] majority of Courts in [the Third] Circuit to address the issue have found that a non-client *has* standing to seek opposing counsel's disqualification."  (*Id*. at 3-4) (quoting *Santander Securities, LLC v. Gamache*, No. 17-317, 2017 WL 1208066, at *3 (E.D. Pa. 2017).  Notwithstanding that line of authority, they argue that Plaintiff does not have a personal stake in the motion sufficient to satisfy Article III.  (*Id*.).

In his Reply brief, Plaintiff likewise recognizes that the Third Circuit "has not definitively settled the issue," but argues that a majority of courts within this Circuit have recognized that a non-client litigant may have standing to seek disqualification.  (Doc. 41 at 4-5).

In *Santander*, the Court summarized the Third Circuit's rulings on non-clients' standing to move for disqualification.  2017 WL 1208066, at *3.  The Court noted that in *In re Corn Deriv. Antitrust Litig.*, 748 F.2d 157, 161 (3d Cir. 1984), the Third Circuit "[a]ssum[ed] without deciding that a motion to disqualify must be brought by a former client."  *Id*.  But, in *In re Pressman-Gutman Co.*, 459 F.3d 383, 401 n.20

6

(3d Cir. 2006), the Third Circuit "assumed without deciding that [non-client] defendants have standing to raise the disqualification issue." *Id.* Finally, *In re Congoleum Corp.*, 426 F.3d 675, 685-87 (3d Cir. 2005), the Third Circuit "conferred standing on non-client insurers to seek disqualification of their insured's 'special counsel' in bankruptcy proceedings." *Id.*

The court in *Santander* went on to cite the majority of cases within this Circuit that have found that a non-client has standing to seek opposing counsel's disqualification. 2017 WL 1208066, at *3 (citing *Bosh v. Renco Grp., Inc.*, No. 16-190, 2016 WL 3633079, at *4 (W.D. Pa. July 7, 2016); *Cafaro v. HMC Intern., LLC*, No. 07-2793, 2012 WL 4857763, at *6 n.8 (D.N.J. Oct. 11, 2012); *In re Kirchner*, No. 09-19636, 2010 WL 1855861, at *2 (Bankr. E.D. Pa. May 5, 2010); *In re Pittsburgh Corning Corp.*, 308 B.R. 716, 721 (Bankr. W.D. Pa. 2004); *Essex County Jail Annex Inmates v. Treffinger*, 18 F. Supp. 2d 418, 431 (D.N.J. 1998); *Schiffli Embroidery Workers Pension Fund v. Ryan, Beck & Co.*, No. 91-5433, 1994 WL 62124, at *2-3 (D.N.J. Feb. 23, 1994); *Pa. Water Works Supply Co. v. Bucks County Bank & Trust. Co.*, No. 91-

2814, 1991 WL 161473, at *2 (E.D. Pa. Aug. 19, 1991); *Duca v. Raymark Indus.*, 663 F. Supp. 184, 188 (E.D. Pa. 1986)).

Ultimately, the court in *Santander* indicated that it would be inclined to deny non-client standing in that matter, but "[b]ecause the law in this area is less than clear," the court "assume[d], *arguendo*, that [the] non-client . . . has such standing." 2017 WL 1208066, at *6.

Defendant's argument that Plaintiff does not have a personal stake in the Motion is well-taken. Plaintiff's concerns do not directly suggest that he will suffer any injury based upon City Defendants' counsel's continued representation, but rather that the City Defendants will not receive adequate and effective representation. However, as the court in *Santander* found, because the law in this area is not clear, we will also assume *arguendo*, that Plaintiff has standing to assert his Motion. *See Santander*, 2017 WL 1208066, at *6.

### B. Disqualification is Not Warranted Based Upon Alleged "Material Limitation"

Plaintiff alleges that disqualification of the City Defendants' counsel is required based upon the "material limitation" provision of ABA Model Rules of Professional Conduct 1.7(a)(2). (Doc. 33 at 4). He argues that the rule prohibits an attorney from representing a client if

8

"there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." (*Id*.). Plaintiff argues that the allegations in the Complaint against Defendants Brennan and Palamar – that they "orchestrated a conspiracy" and "schemed and planned" to deprive Plaintiff of his rights – "suggest a significantly greater and distinct level of liability" than the other City Defendants. (*Id*.). Plaintiff argues that counsel's representation of those two defendants may require him to shift blame to other City Defendants, implicating Model Rule 1.7. *Id*. He further claims some of the other City Defendants may have valid cross-claims or claims for indemnification/contribution against Defendants Brennan and Palamar. (*Id*. at 5.)

The City Defendants respond by arguing that Lake's vague and unsubstantiated allegations lacking factual evidence do not justify disqualification pursuant to Pennsylvania Rule of Professional Conduct 1.7. (Doc. 39). They further argue that there is no judgment against the City that would require contribution, nor are there any legal obligations among and between the city Defendants that would require

9

one or more of the City Defendants to accept responsibility for potential damages caused by another City Defendant. (*Id.* at 9).

As noted *supra*, attorney conduct is governed by the ethical standards of the court before which the attorney appears. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d at 160. This court has adopted the Rules of Professional Conduct promulgated by the Supreme Court of Pennsylvania. L.R. 83.23.2; *see Moeck v. Pleasant Valley Sch. Dist.,* No. 3:13CV1305, 2014 WL 3385124, at *2 (M.D. Pa. July 9, 2014). Pennsylvania Rule of Professional Conduct 1.7(b) provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest, including a situation where there is "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." PA ST RPC Rule 1.7.

We are not persuaded that Plaintiff has satisfied his burden to demonstrate that there is a significant risk that the City Defendant's counsel would be materially limited by his responsibilities to another client.

In *Cohen v. Oasin*, 844 F. Supp. 1065 (E.D. Pa. 1994), the court addressed a motion to disqualify opposing counsel from representing multiple parties in a civil action based upon an alleged conflict of interest. The Court denied the motion, explaining that there was no proof of an actual conflict. *Id*. at 1068. Rather, the court noted that the moving party's allegations that opposing counsel "would be faced with a conflict when it receives confidential information . . . amounts to mere conjecture." *Id*. The court went on to say, "[s]imply because plaintiff [the moving party] alleges [a conflict] . . . does not mean that this is necessarily true . . ." *Id*. Further, the court stated,

given that this case has not progressed beyond the filing of a complaint, there is nothing in the record to indicate that a conflict exists." *Id*.

Additionally, the court observed, that it did not appear that counsel would be unable to adequately represent multiple clients. "Representation of diverse interests is not uncommon to prominent members of the bar and it cannot serve as a predicate for the disqualification of counsel in this or any other court." *Id*. (quoting *Ciaffoni v. Supreme Court of Pennsylvania,* 550 F. Supp. 1246, 1249 (E.D. Pa. 1982), *aff'd,* 723 F.2d 896 (3rd Cir. 1983); *see also Kerry Coal*

11

*Co. v. United Mine Workers of America*, 470 F. Supp. 1032, 1036 (W.D. Pa. 1979), (denying motion to disqualify opposing counsel from representing multiple clients, stating, "[w]e believe that on the basis of the showing of possible conflict made here and defense counsel's assurances that no conflict exists, it is adequate protection of the rights of all Defendants represented by [counsel] that they be so informed and allowed to determine the question of joint representation for themselves.")

 Likewise here, Plaintiff's asserted bases for his claim that counsel will be materially limited in his representation are merely conjecture. His unsupported allegations that counsel may have to shift blame to certain defendants and his arguments regarding potential crossclaims or claims for indemnification and contribution are the type of "[v]ague and unsupported allegations" that are insufficient to meet the standard for disqualification. *Regalo International, LLC*, 211 F. Supp. 3d at 687. Further, as in *Kerry Coal Co.*, we are reassured by counsel's representation that "Professional Conduct Rule 1.7's obligations concerning the representation of concurrent clients have been satisfied."

(Doc. 39 at 12); *see also Kerry Coal Co.*, 470 F. Supp. at 1036. Accordingly, disqualification on this basis is not warranted.

### C. Defendant Spotts' Criminal Proceedings to Not Warrant Disqualification

Plaintiff next posits that Defendant Spotts "is facing ongoing criminal corruption charges related to the very Board at the heart of this civil action." (Doc. 33 at 5). Plaintiff argues that Mr. Spotts' potential testimony in this matter – or decision to testify – may have repercussions on his criminal proceedings. (*Id.*). Plaintiff argues that counsel for the City Defendants cannot simultaneously represent the best interests of both Defendant Spotts and the other City Defendants. (*Id.* at 6).

The City Defendants respond by refuting Plaintiff's representation that Defendant Spotts' criminal charges are related to the RDA, but rather, indicated that the charges are related alleged theft from the Humane Fire Company Funds. (Doc. 39 at 10). In any event, they argue that Mr. Spotts maintains separate criminal defense counsel. (*Id.* at 10). Further, to the extent that if a conflict were to arise between Mr. Spotts' Fifth Amendment rights and a discovery request in this

13

matter, Defendants rgue that the Court could assess the validity of the privilege and Mr. Spotts could consult with his criminal counsel. (*Id*.).

To the extent Plaintiff's characterization of Mr. Spotts' criminal charges is, as Defendants have suggested, incorrect, we hope that such misrepresentation was inadvertent. We need not reach that issue, however, because Mr. Spotts' criminal case is closed and so, this issue is moot.[2]

### D. Plaintiff has Not Shown that Counsel for the City Defendants will be Unable to Satisfy His Duties of Confidentiality and Loyalty.

Plaintiff next argues that disqualification is necessary because maintaining confidentiality and undivided loyalty for multiple

---

[2] A district court may take judicial notice of state court dockets. *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."). We take judicial notice of the Court of Common Pleas of Schuylkill County Criminal Docket captioned CP-54-CR-0000395-2005, which indicates that Mr. Spotts entered a plea of guilty on December 19, 2025, and was sentenced on that same date. *See* The Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/casesearch (select "participant name" under search type, select "Schuylkill" under county, enter "Spotts" in the field for participant last name, and enter "Joseph" in the field for participant first name). The docket sheet confirms that the criminal matter is closed. Accordingly, there is no risk of Defendant Spotts' Fifth Amendment rights in that matter being implicated here.

defendants is ethically impossible. (Doc. 33 at 6). He argues that in light of his accusations of active concealment, intentional false or misleading representations, and improper conduct amounting to fraud, "it is highly probable that individual Defendants represented by [counsel] may possess information that could be detrimental to other jointly represented Defendants, or that they would prefer to keep confidential from them." (*Id.* at 7). Further, he argues that if counsel receives confidential information, he will be placed in an "intractable ethical dilemma." (*Id.*).

The City Defendants counter by asserting that they have and will continue to receive confidential and loyal representation. (Doc. 39 at 10). They argue that Plaintiff's assertions regarding the impossibility of maintaining confidentiality and loyalty are vague and unsubstantiated and lack supporting factual evidence.

We agree. Pennsylvania Rule of Professional Conduct 1.6 provides direction for attorneys for maintaining confidentiality. *See* PA ST RPC Rule 1.6. Plaintiff has not clearly shown that there are any facts that demonstrate that the City Defendants' counsel's continued representation would be impermissible based upon a violation of Rule

1.6. His generalized, vague and speculative assertions are insufficient. *Regalo International, LLC*, 211 F. Supp. 3d at 687. Additionally, Plaintiff references comment 31 to Model Rule of Professional Conduct 1.7, which is identical to comment 31 to Pennsylvania Rule of Professional Conduct 1.7. Both comments address a situation in a common representation where one client asks a lawyer not to disclose confidential information to the other client. Plaintiff's suggestion that this situation may occur here is, again, entirely speculative. There are no facts suggesting that any specific City Defendant possesses confidential information that he or she wishes to keep secret from the other City Defendants. And again, the City Defendants' counsel has represented that "Professional Conduct Rule 1.7's obligations concerning the representation of concurrent clients have been satisfied." (Doc. 39 at 12); *see also Kerry Coal Co.*, 470 F. Supp. at 1036. Accordingly, disqualification on this basis is not warranted.

### E. Considerations Regarding Settlement Negotiations and Defense Strategies Do Not Warrant Disqualification

Plaintiff next argues that disqualification is necessary because the City Defendants "fac[e] potentially disparate levels of liability," and so, his ability to engage in meaningful settlement negotiations and

16

formulate coherent defense strategies is "severely compromised." (Doc. 33 at 7). Plaintiff also argues that "[t]he value of claims against each Defendant could vary dramatically, and their individual financial capacities and willingness to settle may differ." (*Id.*). Plaintiff argues that this is another situation where the representation of one client would materially limit the representation of another. (*Id.*).

    The City Defendants respond by asserting that:

> the gravamen of Lake's claims is the commencement of the Conservatorship Petition by the City of Pottsville Redevelopment Authority as an entity. This action was taken by the Board members in their official capacity and by Edward Brennan in his official capacity as Solicitor. Contrary to Lake's assertions, any consideration of settlement negotiations and a unified defense strategy will be *furthered* by the joint representation of the City Defendants.

(Doc. 39 at 11).

    Again, here, Plaintiff's arguments for disqualification are entirely speculative. Based upon these unsupported allegations, we cannot say that the City Defendants' counsel's disqualification is required.

### F. Client Management Does Not Warrant Disqualification

    Finally, Plaintiff cites to Model Rule of Professional Conduct 1.4, noting counsel's requirement to keep a client reasonably informed about

17

the status of a matter and promptly comply with reasonable requests for information. (Doc. 33 at 8). Plaintiff suggests that it would be overwhelming and impractical to keep each individual client informed and to obtain informed consent on every material decision, given the alleged conspiracy and varying roles. (*Id.*). He cites to Comment 2 to Model Rule of Professional Conduct 1.4, arguing that counsel cannot be fully candid with one client without breaching duties to another, hindering the "reasonable communication" necessary for effective client participation.

The City Defendants cite to Pennsylvania Rule of Professional Conduct, noting the requirements that a lawyer to promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required by the Rules; reasonably consult with the client; keep the client reasonably informed; promptly comply with reasonable requests for information; and consult with the client about any relevant limitation on the lawyer's conduct. (Doc. 39 at 11-12). The City Defendants maintain that "diligent communication has been and will continue to be accomplished by the joint representation of the City Defendants." (Doc. 39 at 11-12).

Plaintiff has again failed to make a clear showing that counsel for the City Defendants will be unable to satisfy his obligations pursuant to Pennsylvania Rule of Professional Conduct 1.4. Disqualification on this basis is not warranted.

For all of the reasons stated herein, we find that Plaintiff has failed to make the clear showing required for disqualification of counsel for the City Defendants. Accordingly, his Motion to Disqualify (Doc. 32) will be denied. An order follows.

**Dated:** February 12, 2026         *s/ Leo A. Latella*
                                    **LEO A. LATELLA**
                                    **United States Magistrate Judge**